RAWLS, Acting Chief Judge
(specially concurring).
I concur in the reversal of the instant judgment and in most respects with the opinion authored by my brother, Johnson. However, the statement, viz.: “Any substantial deviation from use of these instructions [Standard Jury Instructions] will almost always end in error on the part of the trial court.” gives me considerable concern. It is my view that the Standard Jury Instructions constitute an excellent guideline for trial judges[1] but do not possess the characteristics of inviolability. For example, in Padgett v. State[2] our brother, *200 Carroll, pointed out that the Standard Jury Instructions in Criminal Cases relating to the crime of manslaughter are deficient in that “to instruct a jury upon the principles of simple negligence in a case where the only offense that would be the subject of criminal condemnation is culpable negligence, is the same posture as instructing the jury on irrelevant issues, which is condemned as being misleading to a jury.” It is interesting to note that the recommended Standard Jury Instruction as to gross negligence in civil cases apparently finds it unnecessary to extensively define “simple negligence.”

. The Supreme Court in approving the report of the Committee on Standard Jury Instructions in Criminal Cases emphasized that same did not relieve the trial judges of their responsibility under the law to properly and correctly charge the jury in each case.

. Padgett v. State (1 Fla.App.1972), opinion filed August 10, 1972, not yet reported.